**\*E-FILED ON 12/19/06\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LEWIS LONG and THERRY SIMIEN, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br>  v.<br><br>HEWLETT-PACKARD, CO.,<br><br>        Defendant. | No. C06-02816 JW (HRL)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS**<br><br>**[Re: Docket No. 41]** |

On December 19, 2006, this court heard plaintiffs' "Motion to Compel Production of Documents." Defendant Hewlett-Packard Co. ("HP") opposed the motion. Upon consideration of the papers filed by the parties and the arguments of counsel, this court grants the motion.

**I. BACKGROUND**

In this putative class action, plaintiffs Lewis Long and Therry Simien allege that several HP Pavilion notebook computers contain defective internal components that result in dim, dark or flickering display screens. They further assert that HP is aware of the defects, but has not warned Pavilion owners about them or effectively repaired the problems. They have filed the instant lawsuit "on behalf of all persons or entities who purchased an HP Pavilion between January 1, 2000 and December 31, 2003," excluding certain Pavilion models. (Complaint, ¶ 30).

1    HP has filed a Fed. R. Civ. P. 12(b)(6) motion to dismiss the complaint. Among other
2 things, it contends that the complaint fails to allege a defect or HP's pre-sale knowledge of that
3 defect with sufficient particularity. That motion currently is pending before the District Court.

4    The District Court has bifurcated discovery. It issued a scheduling order that pertains to
5 "class discovery and certification only" and set a July 13, 2007 deadline for the close of class
6 discovery. A class certification hearing currently is set for October 29, 2007.

7    Presently before this court is plaintiffs' motion to compel HP's production of documents
8 in response to their Request No. 3, which seeks "[o]ne copy of each service note issued that
9 applies to the Subject Computers wherein a component bearing on the illumination of the
10 display is either the subject or a part of the recommended action." (See Marshall Decl., Ex. A,
11 p. 2). The request defines "Subject Computers" as "all HP Pavilion series notebook computers
12 manufactured or sold between January 1, 2000 and December 31, 2003," excluding the same
13 Pavilion models which have been carved out from this lawsuit. (See id., Ex. A, p. 1). Plaintiffs
14 contend that the discovery is relevant and narrowly tailored in that the request seeks only those
15 service notes pertaining to the alleged display problems in the Pavilion series notebooks at
16 issue.

17    HP says that it has produced three service notes that concern the HP Pavilion zt1000 and
18 xz133 (i.e., the models owned by plaintiffs) and which reasonably can be interpreted as
19 "bearing on the illumination of the display." It asserts that it has no other responsive service
20 notes as to the zt1000 and xz133. However, HP objects to the production of documents
21 pertaining to any other Pavilion computers on the ground that they are irrelevant. Alternatively,
22 HP requests that this court issue an order precluding plaintiffs from seeking any discovery on
23 other Pavilion models until after the District Court has ruled on HP's pending motion to
24 dismiss.

25                              **II.  DISCUSSION**

26    Before certification of a class action, discovery is usually limited to certification issues
27 and lies within the sound discretion of the court. See Doninger v. Pacific Northwest Bell, Inc.,
28 564 F.2d 1304, 1312-13 (9th Cir. 1977). The court must permit discovery which will provide

1    all the information that may be necessary in determining whether to certify a class. See
2    Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 n.13 (1978) ("[D]iscovery often has
3    been used to illuminate issues upon which a district court must pass in deciding whether a suit
4    should proceed as a class action under Rule 23, such as numerosity, common questions, and
5    adequacy of representation."). However, the court properly may limit or deny discovery where
6    the plaintiff has not shown "that discovery is likely to produce substantiation of the class
7    allegations." Mantolete v. Bolger, 767 F.2d 1416, 1424 (9th Cir. 1985).

8        This court first addresses HP's procedural argument that discovery pertaining to other
9    Pavilion models should, in effect, be stayed until after its motion to dismiss is resolved. Boiled
10   to its essence, HP's argument is that a stay is warranted because (1) its motion to dismiss
11   addresses whether plaintiffs have sufficiently plead the existence of a defect and HP's
12   knowledge of that defect; and (2) its motion to dismiss is likely to be granted. However, it is
13   not for this court to rule upon or predict the success of HP's motion to dismiss; nor does it have
14   the power to stay discovery in these proceedings. Moreover, plaintiffs have cited some
15   authority which suggests that the fact that a motion to dismiss is pending is not, by itself, a
16   sufficient reason to stay discovery. See generally, e.g., Turner Broadcasting Sys., Inc. v.
17   Tracinda Corp., 175 F.R.D. 554, 556 (D. Nev. 1997) ("Such a stay might be appropriate where
18   the complaint was utterly frivolous, or filed merely for settlement value. . . Such does not
19   appear to be the case here."); Gray v. Winthrop, 133 F.R.D. 39, 40 (N.D. Cal. 1990) ("Had the
20   Federal Rules contemplated that a motion to dismiss under Fed.R.Civ.Pro. 12(b)(6) would stay
21   discovery, the Rules would contain a provision to that effect.").

22       In any event, the District Court's scheduling order, which was issued the day after HP's
23   motion to dismiss was deemed submitted, suggests that the District Court intended for the
24   parties to proceed with "class discovery and certification" issues notwithstanding that the
25   motion to dismiss is pending. Accordingly, this court declines to defer a ruling on the instant
26   dispute. The court now turns to the issue of what, if any, discovery should be permitted as to
27   the disputed Pavilion models other than the zt1000 and xz133.
28

1   HP contends that the only "facts" contained in the complaint are limited to the Pavilion
2   zt1000 and xz133 models owned by plaintiffs.  Further, it argues that allegations which
3   purportedly relate to other Pavilion models are not "facts," but are merely conclusory, lawyer-
4   drafted assertions.  At oral argument, defense counsel conceded that HP does not contend that
5   the requested discovery is burdensome.  Rather, HP argues that the request is overbroad because
6   the requested documents may:

   (1)   "address unrelated hardware issues with notebook computer models that Plaintiffs do not own";

   (2)   "pertain to notebook computer models that likely contain different 'internal components,' different hardware, different architecture and different design than the notebook computer models that Plaintiffs own";

   (3)   "concern numerous notebook computer models that were designed, manufactured, and sold before and after Plaintiffs purchased computers"; and

   (4)   "do not in any way address problems that the Plaintiffs have experienced."

13  (See Opp. at p. 1).

14  In sum, HP contends that discovery should be limited to the models owned by plaintiffs
15  (as to which it says it has produced all responsive documents).  Permitting the requested
16  discovery would, according to HP, unfairly reward plaintiffs for having drafted what it contends
17  is a vague complaint.  To bolster its contention, HP cites to a plethora of inapposite product
18  liability cases in which discovery as to products other than the subject product was denied.
19  However, in those cases – which HP readily acknowledges are outside the class context –
20  discovery apparently was sought as to products which were not at issue.  By contrast, here
21  (although there is a dispute as to the precision of plaintiffs' allegations), HP's counsel
22  acknowledged at oral argument that plaintiffs claim that all models within the Pavilion series
23  (except the excluded models) share a defect which results in dim, dark or flickering screens.
24  (See Complaint, ¶¶ 8, 13, 15, 22, 30).

25  Plaintiffs say that the requested service notes will provide information about whether the
26  alleged defects existed, whether the claimed defects appeared in similar ways, whether HP
27  knew about them, and how HP dealt with customer complaints and warranties.  Here, plaintiffs
28  assert that the service notes which have been produced indicate that the zt1000 and xz133 may

4

1  share common internal components and similar display issues with a host of other Pavilion
2  series computers. (See Particelli Decl., Exs. E and F). HP expresses concern that the requested
3  discovery may show that there is no relationship between plaintiffs' alleged problems and those
4  of the putative class. Yet, it seems that is precisely the kind of information which will aid the
5  District Court's analysis of numerosity, commonality, typicality and adequacy under
6  Fed.R.Civ.P. 23 and its determination whether class certification is appropriate. Accordingly,
7  the court concludes that plaintiffs' motion to compel should be granted.

### III.  ORDER

Based on the foregoing, IT IS ORDERED THAT plaintiffs' motion to compel production of documents is GRANTED. The documents shall be produced **no later than January 5, 2007**.

Dated:   December 19, 2006

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5

**United States District Court**
For the Northern District of California

**5:06-cv-2816 Notice will be electronically mailed to:**

Robert S. Green CAND.USCOURTS@CLASSCOUNSEL.COM

Thomas R. Green tgreen@morganlewis.com, lbuda@morganlewis.com

Howard Holderness hholderness@morganlewis.com, cgreenblatt@morganlewis.com

Michael J. Holston mholston@morganlewis.com,

Charles David Marshall CAND.USCOURTS@classcounsel.com

John F. Schultz john.schultz@morganlewis.com, jminio@morganlewis.com

Meredith Ann Walworth mwalworth@morganlewis.com

Jenelle Welling CAND.USCOURTS@classcounsel.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.