**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 03 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LOUIS LONG and THERRY SIMIEN, on behalf of themselves and all others similarly situated, | No. 07-16440 |
| Plaintiffs - Appellants, | D.C. No. CV-06-02816-JW |
| v. | MEMORANDUM* |
| HEWLETT-PACKARD COMPANY, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
James Ware, District Judge, Presiding

Argued and Submitted February 12, 2009
San Francisco, California

Before: D.W. NELSON, W. FLETCHER and TALLMAN, Circuit Judges.

Plaintiffs Lewis Long ("Long") and Therry Simien ("Simien," and

collectively, "Plaintiffs") appeal the district court's rulings in favor of Appellee

Hewlett-Packard ("HP").  The district court dismissed with prejudice Plaintiffs'

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

various state law class action claims for breach of express warranty and fraudulent

concealment in violation of the California Unfair Competition Law ("UCL") and

California Consumers Legal Remedies Act ("CLRA").  We affirm the dismissal of

Plaintiffs' claims.

Under California law, time limits in express warranties are effective at

limiting the coverage of the warranty to defects that manifest themselves during the

specified time period.  *Daugherty v. Am. Honda Motor Co.*,  51 Cal. Rptr. 3d 118,

122–24 (Ct. App. 2006).  Although there may be an exception to this general rule

for products that are truly "substantially likely to fail" during their useful lives,

*Hicks v. Kaufman and Broad Home Corp.*, 107 Cal. Rptr. 2d 761, 773 (Ct. App.

2001), Plaintiffs do not allege facts that *all* HP Pavilion inverters of the models

covered by this class were substantially likely to fail.  Instead, they allege that, in

general, HP laptops failed at higher rates than HP expected or than HP considered

acceptable, and that, specifically, their own laptops, which did in fact fail, were

"substantially likely to fail."  Therefore, Plaintiffs have failed to state a claim for

breach of express warranty.

Plaintiffs failed to state a claim for breach of express warranty by

description as well.  When HP described the Pavilions as "laptops" or as

"portable," it may have been warranting that the computers sold to Plaintiffs were

2

indeed portable when sold and as designed, and could indeed be described as laptops, which they were.  It was not warranting that the computers would function as designed for any period of time beyond that specified in HP's Limited Warranty. The cases to which Plaintiffs cite involve products that were never as described and are therefore inapposite.  *See, e.g.*, *Keith v. Buchanan*, 220 Cal. Rptr. 392, 398 (Ct. App. 1985) (involving a vessel marketed as "seaworthy" but upon delivery turned out not to be); *Metowski v. Traid Corp.*, 104 Cal. Rptr. 599, 600–01 (Ct. App. 1972) (involving cameras that were described as being "electronic color" cameras but were not); *Lane v. C.A. Swanson & Sons*, 278 P.2d 723, 726 (Cal. Ct. App. 1955) (involving chicken that was supposed to be boneless but was sold with bones).

Plaintiffs also failed to state a claim under either the UCL or the CLRA.  HP owed Plaintiffs no independent duty to disclose information about the elevated failure rate of the laptops, absent a special relationship or affirmative misrepresentations.  *Buller v. Sutter Health*, 74 Cal. Rptr. 3d 47, 51–52 (Ct. App. 2008); *Daugherty*, 51 Cal. Rptr. 3d at 126, 129; *Bardin v. DaimlerChrysler Corp.*, 39 Cal. Rptr. 3d 634, 647–49 (Ct. App. 2006). Plaintiffs have alleged no special relationship here.  HP's affirmative representations that the Pavilions were "laptops" or that they were "portable" only imposed on HP a duty to disclose facts

that were contrary to the representations that were actually made. *Daugherty*, 51 Cal. Rptr. 3d at 126. The computers were in fact portable laptops, and the fact that the Pavilions may have failed at a slightly higher rate than HP considered acceptable is not contrary to that representation.

Finally, Plaintiffs do not allege facts that show an unfair course of conduct nor that HP acted unlawfully under the UCL.

**AFFIRMED.**

**United States Court of Appeals for the Ninth Circuit**
**Office of the Clerk**
95 Seventh Street; San Francisco, California 94103

**General Information**
**Judgment and Post-Judgment Proceedings**


**Judgment**
- This Court has filed and entered the attached  judgment in your case. Fed. R. App. P. 36.   Please note the filed date on the attached decision because all of the dates described below run from that date, not from the date you receive this notice.

**Mandate (Fed. R. App. P. 41; 9th Cir. R. 41-1 & -2)**
- The mandate will issue seven calendar days after the expiration of the time for filing a petition for rehearing or seven calendar days from the denial of a petition for rehearing, unless the court directs otherwise.  To file a motion for stay of mandate, file it electronically via the appellate ECF system or by paper with an original and four copies of the motion.


**Petition for Panel Rehearing  (Fed. R. App. P. 40; 9th Cir. R. 40-1)**
**Petition for Rehearing En Banc (Fed. R. App. P. 35; 9th Cir. R. 35-1 to -4)**
(1)  A.  **Purpose (Panel Rehearing):**
- A party should seek panel rehearing only if one or more of the following grounds exist:
  ‣ A material point of fact or law was overlooked in the decision;
  ‣ A change in the law occurred after the case was submitted which appears to have been overlooked by the panel; or
  ‣ An apparent conflict with another decision of the court was not addressed in the opinion.
- Do not file a petition for panel rehearing merely to reargue the case.

B.  **Purpose (Rehearing En Banc)**
- A party should seek en banc rehearing only if one or more of the following grounds exist:
  ‣ Consideration by the full court is necessary to secure or maintain uniformity of the court's decisions; or
  ‣ The proceeding involves a question of exceptional importance; or
  ‣ The opinion directly conflicts with an existing opinion by another

court of appeals or the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity.

**(2)   Deadlines for Filing:**
- ▸   A petition for rehearing may be filed within fourteen (14) days after entry of judgment. Fed. R. App. P. 40(a)(1).
- ▸   If the United States or an agency or officer thereof is a party in a civil case, the time for filing a petition for rehearing is 45 days after entry of judgment. Fed. R. App. P. 40(a)(1).
- ▸   If the mandate has issued, the petition for rehearing should be accompanied by a motion to recall the mandate.
- ▸   *See* Advisory Note to 9th Cir. R. 40-1 (petitions must be received on the due date).
- ▸   An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency or officer thereof is a party, 45 days after the date of the order of publication. 9th Cir. R. 40-2.

**(3)   Statement of Counsel**
- •   A petition should contain an introduction stating that, in counsel's judgment, one or more of the situations described in the "purpose" section above exist. The points to be raised must be stated clearly.

**(4)   Form & Number of Copies (9th Cir. R. 40-1; Fed. R. App. P. 32(c)(2))**
- •   The petition shall not exceed 15 pages unless it complies with the alternative length limitations of 4,200 words or 390 lines of text.
- •   The petition must be accompanied by a copy of the panel's decision being challenged.
- •   An answer, when ordered by the Court, shall comply with the same length limitations as the petition.
- •   If an unrepresented litigant elects to file a form brief pursuant to Circuit Rule 28-1, a petition for panel rehearing or for rehearing en banc need not comply with Fed. R. App. P. 32.
- •   The petition or answer must be accompanied by a Certificate of Compliance found at Form 11.

- If a petition is filed electronically via the appellate ECF system, no paper copies are required.
- If filing a petition for panel rehearing by paper, submit an original and 3 copies.
- If filing a petition for rehearing en banc by paper, submit an original and 50 copies.

## Bill of Costs (Fed. R. App. P. 39, 9th Cir. R. 39-1)
- The Bill of Costs must be filed within 14 days after entry of judgment.
- See Form 10 for additional information.

## Attorney's Fees
- Circuit Rule 39-1 describes the content and due dates for attorney fee applications.
- All relevant forms are available on our website www.ca9.uscourts.gov or by telephoning (415) 355-7806.

## Petition for Writ of Certiorari
- Please refer to the Rules of the United States Supreme Court at www.supremecourtus.gov

## Counsel Listing in Published Opinions
- Please check counsel listing on the attached decision.
- If there are any errors in a published opinion, please send a letter **in writing within 10 days** to:
  - ▸ West Publishing Company; 610 Opperman Drive; PO Box 64526; St. Paul, MN 55164-0526 (Attn: Kathy Blesener, Senior Editor);
  - ▸ and electronically file a copy of the letter via the appellate ECF system by using "File Correspondence to Court."

**Form 10. Bill of Costs** .................................................................................................................*(Rev. 1-1-05)*

# United States Court of Appeals for the Ninth Circuit

## <u>BILL OF COSTS</u>

**<u>Note:</u>** If you wish to file a bill of costs, it MUST be submitted on this form and filed, with the clerk, with proof of service, within 14 days of the date of entry of judgment, and in accordance with 9th Circuit Rule 39-1. A late bill of costs must be accompanied by a motion showing good cause. Please refer to FRAP 39, 28 U.S.C. § 1920, and 9th Circuit Rule 39-1 when preparing your bill of costs.

|                          | v. |                          | 9th Cir. No. |            |
|--------------------------|----|--------------------------|--------------|------------|

The Clerk is requested to tax the following costs against:

| Cost Taxable under FRAP 39, 28 U.S.C. § 1920, 9th Cir. R. 39-1 | REQUESTED Each Column Must Be Completed | | | | ALLOWED To Be Completed by the Clerk | | | |
|---|---|---|---|---|---|---|---|---|
| | No. of Docs.* | Pages per Doc. | Cost per Page** | TOTAL COST | No. of Docs.* | Pages per Doc. | Cost per Page** | TOTAL COST |
| Excerpt of Record | | | $ | $ | | | $ | $ |
| Opening Brief | | | $ | $ | | | $ | $ |
| Answering Brief | | | $ | $ | | | $ | $ |
| Reply Brief | | | $ | $ | | | $ | $ |
| Other | | | $ | $ | | | $ | $ |
| | | | TOTAL: | $ | | | TOTAL: | $ |

**Form 10. Bill of Costs –** *Continued*

**Other:**    Any other requests must be accompanied by a statement explaining why the item(s) should be taxed pursuant to Circuit Rule 39-1. Additional items without such supporting statements will not be considered.

Attorneys fees **cannot** be requested on this form.

\* If more than 7 excerpts or 20 briefs are requested, a statement explaining the excess number must be submitted.

\*\* Costs per page may not exceed .10 or actual cost, whichever is less. Circuit Rule 39-1.

---

I, [                    ] , swear under penalty of perjury that the services for which costs are taxed were actually and necessarily performed, and that the requested costs were actually expended as listed.

Signature [                    ]

Date [                    ]

Name of Counsel: [                    ]

Attorney for: [                    ]

---

(To Be Completed by the Clerk)

Date [                    ]    Costs are taxed in the amount of $ [                    ]

Clerk of Court

By: [                    ] , Deputy Clerk